# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **AMBER BOWLES, ET AL.** | **CASE NO. 2:18-CV-00735** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **DG LOUISIANA, LLC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 15] filed by defendant DG Louisiana, LLC ("Dollar General"), in response to the personal injury suit brought by plaintiffs Matthew and Amber Bowles. Plaintiffs oppose the motion. Doc. 17.

## I.
### BACKGROUND

This suit arises from injuries allegedly suffered by plaintiff Amber Bowles when she slipped while shopping at a Dollar General store in Lake Charles, Louisiana, on March 6, 2017. *See* doc. 1, att. 1. She contends that the floor was slippery because of shampoo that had spilled or leaked, and that there was no wet floor sign present. *Id.* at ¶ 3. Ms. Bowles and her husband, Matthew Bowles, filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, seeking to hold Dollar General liable for her injuries under the Louisiana Merchant Liability Act. Dollar General then removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Dollar General now moves for summary judgment, alleging that plaintiffs cannot satisfy their burden of showing that it had actual or constructive notice of the alleged spill.

Doc. 15; doc. 15, att. 1. It also asserts that some of plaintiffs' evidence – namely, statements from witness Patricia Runnels – must be disregarded as inadmissible hearsay. *Id.* Plaintiffs oppose the motion and argue that genuine issues of material fact exist as to whether Dollar General had constructive notice of the condition. Doc. 17. In the alternative, they request that the court delay consideration of the motion under Rule 56(d) so that they might have additional time to conduct discovery. *Id.*

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

# III.
## LAW & APPLICATION

### A. *Exclusion of Hearsay*

On summary judgment, evidence may be considered to the extent that it is "not based on hearsay or other information excludable at trial." *Fowler v. Smith*, 68 F.3d 124, 126 (5th Cir. 1995). Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

Dollar General argues that the court should exclude Ms. Bowles's testimony recalling a statement allegedly made to her by witness and fellow customer Patricia Runnels. Ms. Bowles testified that Ms. Runnels approached her after her fall and said that she had seen the spill before and felt "so bad that [she] didn't say anything about it." Doc. 15, att. 2, pp. 7–8. Ms. Runnels initially testified that she did not recall seeing the substance before Ms. Bowles's fall or telling her that she had, but had no reason to dispute Ms. Bowles's recollection of her statement. Doc. 15, att. 4, pp. 8–9; doc. 15, att. 5, ¶ 4. At the

conclusion of her deposition, however, Ms. Runnels stated that she recalled "feeling bad for not reporting it" and that she did remember seeing the spill before Ms. Bowles slipped. Doc. 17, att. 13, pp. 2–3. Accordingly, Ms. Bowles's account of the exchange must be excluded as hearsay but Ms. Runnels's own recollection of the accident is admissible.

## B. Summary Judgment

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g.*, *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). In Louisiana, claims against merchants based on falls on the premises are governed by the Louisiana Merchant Liability Act ("LMLA"), Louisiana Revised Statute § 9:2800.6. To prevail, a plaintiff must prove the following (in addition to all other elements of his claim): (1) a condition on the premises presented an unreasonable risk of harm; (2) this harm was reasonably foreseeable; (3) the merchant either created or had actual or constructive notice of the condition; and (4) the merchant failed to exercise reasonable care. La. Rev. Stat. § 9:2800.6(B); *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081, 1084 (La. 1997).

Dollar General argues that the plaintiffs' suit fails because they cannot satisfy the third element of the LMLA. "To survive a motion for summary judgment, a plaintiff must submit 'positive evidence' that a merchant created or had actual or constructive notice of the conditions that allegedly caused a plaintiff's damages." *Perez v. Winn-Dixie Montgomery, LLC*, 2019 WL 1367526, at *2 (E.D. La. Mar. 26, 2019) (quoting *Duncan v. Wal-Mart La., LLC*, 863 F.3d 406, 410 (5th Cir. 2017)). To show "constructive notice" under the LMLA, the plaintiff must prove "that the condition existed for such a period of

time that it would have been discovered if the merchant had exercised reasonable care." La. Rev. Stat. § 9:2800.6(C)(1). An employee's presence near the condition "does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.* Accordingly, plaintiff bears "an onerous burden" in satisfying this element. *Scott v. Dillard's, Inc.*, 169 So.3d 468, 472 (La. Ct. App. 5th Cir. 2015).

According to the incident report, the accident occurred at approximately 3:40 pm on March 6, 2017. Doc. 17, att. 7, p. 16. Ms. Bowles stated that the place where she fell was approximately ten feet away from and within the line of vision of the nearest cash register. Doc. 17, att. 2, pp. 4, 10. After she fell, she saw an open shampoo bottle lying on its side on a shelf above her. *Id.* at 10–11. She recalled that the puddle of shampoo was approximately four feet in diameter and pinkish in color, and asserted that it would have been visible against the off-white floor from the cashier's vantagepoint. *Id.* at 11–16; *see* doc. 17, att. 4. She had no information, however, on how long the substance had been there or who caused the spill, and she could not recall seeing any footprints or track marks through it. Doc. 17, att. 2, pp. 12, 15. She did not see any shampoo on the shelf or coming out of the bottle. Doc. 18, att. 4, pp. 1–2.

Surveillance video produced by Dollar General does not show the area where Ms. Bowles slipped. It does, however, show several vantage points throughout the store, including the cash register. Through that area, from where Ms. Bowles claimed that there was a line of vision to the scene of her accident ten feet away and that the puddle of shampoo was visible, two employees are visible at various points in the forty minutes

preceding the accident, though they mostly appear to be checking out customers and engaged in other tasks relating to the registers.[1] *See* doc. 17, att. 12 (Channels 2 & 9).

Bowles also recalled that Patricia Runnels and her teenage granddaughter, J.C., approached her after she fell.[2] Doc. 15, att. 2, pp. 7–8. Ms. Runnels stated that had been shopping at that Dollar General store with her granddaughter for approximately twenty minutes before the accident occurred. Doc. 15, att. 4, p. 2. As noted above, she first testified that she did not remember seeing the substance before Ms. Bowles's fall, but later recalled "feeling bad for not reporting it" and said that she did remember seeing the spill before Ms. Bowles slipped. *Id.* at 2–6, 9; doc. 17, att. 13, pp. 2–3. However, she also testified that she only walked down the aisle where Ms. Bowles fell just before the accident occurred. Doc. 15, att. 4, pp. 5–7. When she later changed her testimony and recalled that she had seen the spill, she did not specify when. *See* doc. 17, att. 13.

"If a reasonable inference can be drawn from the circumstantial evidence . . . that it was more probable than not the [hazard] existed for some period of time prior to the accident, the court can conclude the store had constructive notice." *Cali v. Cracker Barrel Old Country Store, Inc.*, 2016 WL 6947001, at *5 (E.D. La. Nov. 28, 2016) (quoting

---

[1] Plaintiffs complain that the surveillance videos, though marked to contain the two-hour period from 2:40 pm until 4:40 pm, are of varying lengths, and that Ms. Bowles's entry into the store on the cash register video time codes did not correspond with her recollections or the accident report. They also argue that Dollar General's refusal to admit that a scheduled inspection of the shelves was performed between 3:00 and 3:10 creates an issue of material fact.
    In response, Dollar General shows that its surveillance system is motion-activated. Doc. 18, att. 2. The lack of footage should only reflect that no motion was detected in that area of the store at the time. Additionally, as shown above, none of the surveillance videos captured the area of the spill. Accordingly, any missing footage cannot create a presumption that favorable evidence has been omitted. Moreover, Additionally, plaintiffs have not produced evidence to suggest that the spill existed for anything more than a brief period before Ms. Bowles encountered it. Thus, none of these suggestions creates an obstacle to summary judgment.

[2] Ms. Runnels's granddaughter testified that she believed Ms. Bowles had slipped in "a liquid soap substance like shampoo," but stated that she did not see the substance until after Ms. Bowles fell. Doc. 15, att. 3, pp. 3–5. She also stated that the substance was "kind of clear" and that she could not see it until they reached Ms. Bowles. *Id.* at 3–4.

*Ceasar v. Wal-Mart Stores, Inc.*, 787 So.2d 582, 585 (La. Ct. App. 3d Cir. 2001)). "Some period of time," however, does not mean any amount of time. Considering cases where the plaintiff could only show that the spill existed for ten minutes or fewer before his fall, Louisiana courts have found the duration insufficient to impose constructive notice on a merchant. *Robinson v. Wal-Mart Stores, Inc.*, 2016 WL 5210711, at *5–*6 (W.D. La. Sep. 15, 2016) (collecting cases). Where the evidence is ambiguous and does not support an inference that the hazard existed for a sufficient time, the Fifth Circuit has affirmed summary judgment in favor of the merchant. *Taylor v. Wal-Mart Stores, Inc.*, 464 F. App'x 337 (5th Cir. 2012).

Here there are genuine disputes as to the spill's color/visibility and whether it was observed by any person before Ms. Bowles fell. Plaintiffs, however, have failed to produce any evidence suggesting that the spill existed for enough time to show constructive notice on Dollar General's part. Because there is no indication of how the spill occurred – i.e., whether the shampoo was poured out or oozed out gradually – the size of the puddle creates no inference as to the time it took for the hazard to emerge, and Ms. Runnels's testimony likewise provides no support on whether the puddle existed for enough time before Ms. Bowles encountered it. The lack of temporal evidence means that the surveillance video is likewise insufficient to support a claim of constructive notice. Plaintiffs cannot show that the employees would have noticed the spill in the exercise of reasonable care, either through their scheduled inspections or their presence in the vicinity of the aisle, if they cannot provide some indication of how long the spill existed. Accordingly, Dollar General has shown a right to judgment as a matter of law on plaintiffs' suit.

### C. *Request for Deferral Under Rule 56(d)*

Summary judgment is usually premature unless the parties have "had a full opportunity to conduct discovery." *Anderson*, 477 U.S. at 257. Accordingly, Rule 56(d) allows the court to deny or continue a motion for summary judgment so that a party might have additional time to gather evidence to oppose the motion. Requests for a continuance under Rule 56(d) are "broadly favored and should be liberally granted." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010). A continuance is not guaranteed, however. Instead, a party must "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the summary judgment motion." *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby*, 600 F.3d at 561). Additionally, the party requesting additional time under Rule 56(d) is only entitled to relief if he has diligently pursued discovery prior to making his request. *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014); *see also Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 249–51 (4th Cir. 2018) (proper inquiry is not how much time remains before discovery closes, but instead whether the party seeking the continuance has already had a reasonable opportunity to conduct discovery).

Dollar General's motion was filed on the dispositive motion deadline set under this court's scheduling order of November 15, 2018. *See* doc. 12. Plaintiffs have not moved for an extension of that deadline or filed any other motion suggesting that they were facing obstacles obtaining the discovery they required. They now complain, however, that Dollar General has not provided complete discovery responses on requests relating to its recovery

policy and that it did not produce the surveillance video until after it filed this motion.[3] Doc. 17, pp. 6–7.

The discovery requests and responses provided by plaintiffs show that Dollar General responded appropriately to the original request for video production, given that no footage of the accident exists, and that the late production was due to plaintiffs' decision to wait until less than one month before the dispositive motion deadline to file their broader request.[4] As for documents relating to the store's recovery policy, plaintiffs have not shown how these are relevant given their inability to produce any evidence that the spill existed when the last scheduled inspection should have occurred. *See* note 1, supra. Plaintiffs fail to show the probable existence of facts that might rescue their case, or that they have acted with sufficient diligence in pursuing same. Accordingly, they are not entitled to any delay in judgment under Rule 56(d).

---

[3] Emails provided by Dollar General also show that plaintiffs were unable to schedule depositions of Dollar General employees before the motion for summary judgment was filed. Doc. 18, att. 1. Plaintiffs' counsel, however, does not complain about missing this discovery and at any rate it does not appear that Dollar General improperly withheld the witnesses.

[4] In its first set of discovery requests, dated October 5, 2017, plaintiffs asked for "a copy of any and all reports, items, videos, photographs, audio or written statements . . . which you have in your possession relating in any way to the subject incident." Doc. 17, att. 6, p. 6. *Id.* at 8. Dollar General responded on March 9, 2018, and objected to the request as vague and overbroad, among other grounds. Doc. 17, att. 7, p. 9. It added, however, that "[t]he incident was not captured on video as there is no camera with a view of the area of plaintiff's alleged fall." *Id.* Plaintiffs submitted a second set of discovery requests on August 16, 2019, asking for "a copy of ANY surveillance video of Amber Bowles at the subject property on the date of the subject incident." Doc. 17, att. 10, p. 5. Dollar General responded on September 17, 2019, with the above-referenced video files "containing all store surveillance footage in defendant's possession from the date of the alleged incident." Doc 17, att. 11, p. 4.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 15] will be granted and all claims in this matter will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 9th day of October, 2019.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**